UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GARY BALLINGER,

                                Plaintiff,

-against-

CARLOS A. MEDINA, DETECTIVE, 73 PCT
TROY LUIS, NEWLY RECRUIT, N.Y.P.D. N.Y.C.
NEW YORK CITY, N.Y.P.D.,

                                Defendants.
-----------------------------------------------------------x

**ORDER TO SHOW CAUSE**
11-cv-104
~~10-CV-9065~~ (SLT) (CLP)

**TOWNES, United States District Judge:**

      Plaintiff Gary Ballinger, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, alleging that Defendants procured his arrest on March 15, 2005, by improperly utilizing a photograph sealed as part of a prior court record. (Compl. ¶ II.C, D). Plaintiff seeks damages and the destruction of all photographs that were part of the sealed record. (Id. ¶ V). By order dated December 30, 2010, this action was transferred to this Court by the United States District Court for the Southern District of New York. (Docket No. 4). Plaintiff's request to proceed in forma pauperis is granted pursuant to 28 U.S.C. § 1915. However, as set forth below, Plaintiff is ordered to show cause within thirty days why this action should not be dismissed as time-barred.

## I. BACKGROUND

      Plaintiff alleges that in 1998 he was acquitted of certain criminal charges and the state court judge ordered the record sealed and a photograph contained therein to be destroyed or returned to Plaintiff or his attorney. (Compl. ¶ II.D). Plaintiff asserts that Defendants Det. Carlos A. Medina and Cadet Troy Louis "[i]llegally went into Plaintiff['s] sealed record and turned said illegal photograph over to [Det.] Medina, and used it to falsify evidence against

Plaintiff." (Id.). He alleges that this conduct took place with "full knowledge" of the New York City Police Department ("NYPD") and that the trial judge in the case arising from the 2005 arrest "ignored the unconstitutional acts and also did nothing." (Id.). Plaintiff argues that as a result of these acts, he "was illegally and wrongfully confined, and falsely imprisoned." (Id. ¶ III).

## II. STANDARD OF REVIEW

As Plaintiff is proceeding pro se, his complaint is held to less stringent standards than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007). The Court is obliged to construe his pleadings liberally and "interpret them to raise the strongest arguments that they suggest." Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006). Nevertheless, Section 1915A requires this Court to screen a civil complaint "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and thereafter "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1). See Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (discussing sua sponte standard pursuant to § 1915A).

## III. DISCUSSION

### A. NYPD non-suable entity

As an initial matter, Section 396 of the New York City Charter states that all actions "shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396 (emphasis added). Indeed, it is well settled that "the NYPD is a non-suable agency of the City." Jenkins v. City of New York,

478 F.3d 76, 93 n.19 (2d Cir. 2007). The complaint against the NYPD therefore is dismissed for failure to state a claim.

B.     **Statute of Limitations**

Under New York law, which governs in this context, "the statute of limitations for § 1983 claims premised on torts such as fabrication of evidence is three years." Mitchell v. Home, 377 F. Supp. 2d 361, 373 (S.D.N.Y. 2005) (citing Owens v. Okure, 488 U.S. 235, 251 (1989)). That period begins to run "when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know" of the conduct and the harm. Id. (citing Veal v. Geraci, 23 F.3d 722, 724 (2d Cir.1994)). Still, "[u]nder the doctrine of equitable tolling, a court may, under compelling circumstances, make narrow exceptions to the statute of limitations in order to prevent inequity." In re U.S. Lines, Inc., 318 F.3d 432, 436 (2d Cir. 2003) (citations and internal quotation marks omitted). For example, "when the defendant fraudulently conceals the wrong, the time does not begin running until the plaintiff discovers, or by the exercise of reasonable diligence should have discovered, the cause of action." Pearl v. City of Long Beach, 296 F.3d 76, 82 (2d Cir. 2002) (quoting Keating v. Carey, 706 F.2d 377, 382 (2d Cir. 1983)).

Liberally construing Plaintiff's allegations, it appears that this 2010 action was commenced more than three years after the 2005 arrest that gave rise to his claim, and he has alleged no basis for equitable tolling. Accordingly, plaintiff is directed to show cause within thirty days of the date of this Order why this action should not be dismissed as time-barred. See, e.g., Abbas, 480 F.3d at 641-42.

## IV. CONCLUSION

For the reasons set forth above:

(1) Plaintiff's request to proceed in forma pauperis (See Docket No. 2) is granted pursuant to 28 U.S.C. § 1915;

(2) the complaint is dismissed as against Defendant NYPD pursuant to 28 U.S.C. § 1915A;

(3) Plaintiff shall have thirty days to show cause why this action should not be dismissed as time-barred by the three-year statute of limitations applicable to § 1983 actions. (The Court has attached an affirmation form for plaintiff's use); and

(4) no summons shall issue at this time and all further proceedings shall be stayed for thirty days for plaintiff to comply with this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/Signed by Judge Townes/

/SANDRA L. TOWNES
United States District Judge

Dated: January 14, 2011
Brooklyn, New York